#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Donques Hood, | ) ) ) | |
| | ) | Civil Action No. |
| | ) | 5:14-cv-03478-JMC |
| Petitioner, | ) ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

   This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent's Motion for Summary Judgment and Return and Memorandum of Support of Law in Support of Motion for Summary Judgment (ECF Nos. 19, 20). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina, the matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On April 17, 2015, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the court grant Respondent's Motion for Summary Judgment and that Petitioner's Petition for Habeas Corpus be dismissed with prejudice. (ECF No. 31.) Respondent has filed an Objection to the Report. (ECF No. 33.) For the following reasons, the court **ADOPTS** the Report (ECF No. 31), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 20), and **DISMISSES** Petitioner's Petition for Habeas Corpus with prejudice.

### I.  JURISDICTION

   This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

1

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 31.) The court concludes upon its own careful review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own. The court will only recite the uncontested background facts pertinent to the analysis of Respondent's Objection.

On January 23, 2007, Petitioner was indicted for one count of Armed Robbery (2007-GS-04-180), one count of Possession of a Firearm during the Commission of a Violent Crime (2007-GS-04-180), and one count of Criminal Conspiracy (2007-GS-04-179). (*Id.* at 1-2.) Additionally, on February 20, 2007, Petitioner was indicted on three counts of Armed Robbery (2007-GS-04-527, 531, 538), one count of Possession of a Firearm during the Commission of a Violent Crime (2007-GS-04-538), one count of Unlawful Carrying of a Pistol (2007-GS-04-535), four counts of Criminal Conspiracy (2007-GS-04-526, 532, 533, 534), and three counts of Kidnapping (2007-GS-04-528, 529, 530). (*Id.* at 2.) On March 3, 2009, Petitioner pleaded guilty to all charges.[1] (*Id.* at 2.) Thereafter, Petitioner was ordered to serve concurrent sentences on his various convictions.[2] (*Id.*)

---

[1] The record indicates that the following charges were *nolle* prossed: Possession of a Firearm during the Commission of a Violent Crime (2007-GS-04-180); Criminal Conspiracy (2007-GS-04-532); Unlawful Carrying of a Pistol (2007-GS-04-535); and Armed Robbery (2007-GS-04-538). (*See* ECF Nos. 19 at 2 n.1, 19-3.)

[2] The Report indicates that Petitioner received the following sentences:

> Petitioner was sentenced to five years imprisonment for four criminal conspiracy convictions, 20 years imprisonment for three armed robbery convictions, five years imprisonment for the unlawful possession of a firearm during the commission of a violent crime conviction, thirty years imprisonment suspended to service of twenty years with the balance suspended to five years

2

Petitioner did not directly appeal his guilty pleas. (*Id.*) On October 16, 2009, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging he received ineffective assistance of counsel and that his guilty plea was involuntary. (*Id.*) Thereafter, Petitioner filed an Amendment to his PCR Application, where he alleged that he received ineffective assistance of counsel because his plea counsel "allow[ed] the State, without objection, to charge, convict and sentence [Petitioner] under indictments obtained through willful acts of perjury and prosecutorial misconduct." (*Id.* at 3 (quoting ECF No. 19-1 at 34); ECF No. 19-4 at 9.) Additionally, Petitioner maintained that his plea counsel's "performance was deficient in failing to object to the defective indictments [and] [b]ecause prejudice is presumed due to the Solicitor's acts of perjury and gross misconduct." (ECF No. 31 at 3 (quoting 19-1 at 37).) The PCR court denied Petitioner's PCR Application. (*Id.*)

Petitioner filed a Notice of Appeal on April 26, 2012. (ECF No. 19-6.) In a *Johnson* Petition for Writ of Certiorari, Petitioner presented one issue: Whether "[t]he PCR judge erred in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal in the case[?]" (ECF No. 19-7 at 3.)[3] Moreover, Petitioner filed a *pro se* Petition for Writ of Certiorari in the South Carolina Supreme Court. (ECF No. 19-9.) Petitioner raised five issues:

> 1.) The PCR Judge erred in denying Petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal
> 2.) The Lower Court made an unreasonable determination of the facts in light of the evidence at the PCR hearing of petitioners direct appeal claim

---

> probation on the kidnapping conviction on indictment number 2007-GS-04-530, and 20 years imprisonment on the two remaining kidnapping convictions. Judge McCaulay ordered Petitioner to serve concurrent sentences.

(ECF No. 31 at 2 (citations omitted).)
[3] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (approving the withdrawal of counsel in meritless appeals of PCR actions by following *Anders* procedure).

3

> 3.) The Lower Court made an unreasonable application of *Strickland vs Washington* when it ruled that plea counsel was not ineffective at any stage prior to an[d] after plea hearing.
> 4.) The Lower Court made an unreasonable application of *Strickland vs. Washington* and extended it to a new context by citing state court cases of little or no relevance to the plea issues presented at PCR.
> 5.) PCR Court erred when it failed to give specific finding of fact of petitioner's subject matter jurisdiction claim and Indictment Issues.

(ECF No. 19-9 at 2.) Pursuant to a South Carolina Supreme Court Order filed on July 29, 2013, Petitioner's appeal was transferred to the South Carolina Court of Appeals. (ECF No. 19-10.) By Order filed on June 24, 2014, the Court of Appeals denied Petitioner's Petition for Writ of Certiorari and granted Petitioner's counsel's request to withdraw. (ECF No. 19-11.) Subsequently, Petitioner filed this Petition for a Writ of Habeas Corpus, alleging:

> Ground One: PCR Judge erred in denying petitioners allegation he did not voluntarily and intelligently waive his right to direct appeal
>
>> Supporting facts: During PCR hearing Petitioner testified that he was not informed of his right to an appeal. Petitioner stated that he did not know if he had to file the appeal notice or if his lawyer was charged with the responsibility of filing an appeal notice. Trial counsel testified at the hearing and explained in effect that it was the judge who mentioned an appeal which in turn was a tacit admission that he did not explain appellate procedure or appellate rights.
>
> Ground Two: Sentencing Discrepency[sic]/Disproportionate sentence
>
>> Supporting facts: Petitioner claimed that he understood that he was supposed to recieve[sic] a sentence on the low end of the spectrum 10-15 yr but recieved[sic] a 30 yr sentence suspended to 20 yr. Trial counsel did not adequately explain sentencing consequences prior to petitioners sentencing defendant or petitioner must understand the sentencing of his plea.
>
> Ground Three: Deliberate Prosecutorial Misconduct
>
>> Supporting facts: My indictments specifically state that the Grand Jurors convened in a Court of General Sessions and

4

> make absolutely no reference to a court of common pleas.
> The solicitor violated statutory, state and federal law and is
> guilty of malicious abuse of the legal process.

(ECF Nos. 1, 26.) Respondent filed a Motion for Summary Judgment. (ECF No. 20.) The Magistrate Judge issued a Report recommending that the court grant Respondent's Motion for Summary Judgment. (ECF No. 31.) Thereafter, Respondent filed an Objection to the Report. (ECF No. 33.)

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

In almost all circumstances, petitioners seeking relief pursuant to 28 U.S.C. § 2254 must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim

that was adjudicated on the merits in State court proceedings unless the adjudication of the claim– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).  A state court's decision is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of this [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  In contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.  "The focus of federal court [habeas] review is on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998).

### IV.  ANALYSIS

*A. Respondent's Motion for Summary Judgment*

Respondent maintained that Petitioner's claims were procedurally defaulted in state court and therefore barred from federal habeas review.  (ECF No. 19 at 21.)  Respondent stated that:

> Petitioner arguably raised the ineffective assistance of counsel claim that was raised in Ground One, and arguably both the prosecutorial misconduct claim and the ineffective assistance of counsel claim that may be presented in Ground Three . . . . In denying relief, the PCR Court arguably ruled upon the merits of

the ineffective assistance of counsel claims that may be raised in Grounds One and Three.

(ECF No. 19 at 20.) Respondent proceeded to argue that Ground One was "neither raised to nor ruled upon by the PCR Court," and that while Ground Three was arguably raised, it was not ruled upon by the PCR Court. (ECF No. 19 at 21-22 (citing *Pruitt v. State*, 423 S.E.2d 127 (1992) (finding that issues must be raised to and ruled upon by the PCR judge in order to be preserved for review)), 26, 31.) Having determined that Petitioner's claims were not properly preserved for appellate review, Respondent argued that because the South Carolina state courts would find these claims procedurally defaulted, the claims were barred from federal habeas review. (ECF No. 19 at 22-23 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).)

  B. *The Report and Recommendation*

At the outset, the court remarks that the Report does not respond to Respondent's Motion for Summary Judgment in a way that clearly delineates or confirms that there are at least four potential claims present: ineffective assistance of counsel for failure (1) to challenge prosecutorial misconduct and (2) to file a direct appeal and/or inform Petitioner of his right to a direct appeal; and the separate, freestanding claims of (3) prosecutorial misconduct and (4) involuntary waiver of the right to file a direct appeal. *See Davis v. McCall*, No. 4:11–3263–MGL, 2013 WL 1282128, at *5 (D.S.C. Mar. 25, 2013) ("A federal district court is charged with liberally construing a complaint or petition filed by a *pro s*e litigant to allow the development of a potentially meritorious case.").

Upon consideration of Respondent's Motion for Summary Judgment, which asserted that Petitioner's claims were procedurally barred, the Magistrate Judge concluded that Petitioner's claims were not procedurally barred, but were without merit. (ECF No. 31.) In concluding that Petitioner's claims were not procedurally barred, the court determined that Grounds One and Three were raised in PCR court and that the PCR court expressly ruled upon "(1) whether

counsel was ineffective in failing to file a direct appeal from the conviction and sentence and (2) whether plea counsel was ineffective for failing to challenge the indictments." (*Id.* at 18.) Significantly, the Magistrate Judge stated that: "To the extent Petitioner raised these precise issues to the PCR court's attention but the PCR court failed to rule on them, Petitioner could maintain that his PCR counsel was ineffective, thus excusing any procedural default." (*Id.* at 18 (arguing that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial").)

In discussing the merits of the freestanding claim in Ground One, the Magistrate Judge concluded that Petitioner's involuntary guilty plea claim was unfounded. (ECF No. 31 at 22.) Moreover, the Magistrate Judge stated that she was reviewing the claim out of an abundance of caution and that it appeared that Petitioner had raised that issue during his PCR hearing "even though the PCR court [had] not rule[d] on the precise issue of whether Petitioner received ineffective assistance of counsel for plea counsel's alleged failure to advise Petitioner of his right to appeal." (ECF No. 31 at 22 (distinguishing between plea counsel's failure to file a direct appeal and plea counsel's failure to inform Petitioner of his right to appeal).) Similarly, in discussing the merits of the freestanding claim in Ground Three, the Magistrate Judge concluded that the PCR court's denial of Petitioner's prosecutorial misconduct claim was fully supported by the record. (ECF No. 31 at 23-24.)

C. *Respondent's Objection*

Respondent objects to the Report "to the extent that it reflects that the involuntary waiver claim in Ground One and the prosecutorial misconduct claim in Ground Three were not procedurally barred from federal habeas review." (ECF No. 33.) Respondent argues that the prosecutorial misconduct claim was procedurally defaulted in state court because it was not ruled upon by the PCR court. (*Id.* at 2.) Furthermore, Respondent argues that the procedural bar to the prosecutorial misconduct claim cannot be excused by a claim of ineffective assistance of PCR

counsel under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (*Id.* (arguing that *Martinez* only applies to underlying claims of ineffective assistance of trial counsel).) With respect to the involuntary waiver claim, Respondent contends that to the extent Petitioner was raising the claim as a freestanding claim, it was procedurally defaulted in state court. (*Id.* at 3 (noting that the involuntary waiver claim is distinct from an ineffective assistance of counsel claim and could not be excused by a claim of ineffective assistance of PCR counsel under *Martinez*).)

   D.  *The Court's Review*

Respondent raises two objections to the Report's finding that the prosecutorial misconduct claim in Ground Three and the involuntary waiver claim in Ground One are not procedurally barred. When a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective assistance claim in two circumstances:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of [Strickland]. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Martinez*, 132 S. Ct. at 1318-19 (citation omitted); *Monroe v. Cartledge*, No. 6:14–cv–03565–RMG, 2015 WL 5092655, at *4 (D.S.C. Aug. 26, 2015) ("To show cause under *Martinez*, a prisoner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that the underlying ineffective assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.") In the Report, the Magistrate Judge concluded that Petitioner's ineffective assistance of counsel claims were raised and ruled upon by the court. Consistent with *Martinez* and *Monroe*, the Magistrate Judge correctly

9

observed that to the extent the PCR court had not ruled upon them, "Petitioner *could* maintain that his PCR counsel was ineffective." (ECF No. 31 at 18 (emphasis supplied).)

With respect to the Magistrate Judge's treatment of the merits of Petitioner's prosecutorial misconduct claim as a freestanding claim, the court notes that the distinction between a trial counsel's failure to challenge prosecutorial misconduct and a separate, freestanding claim of prosecutorial misconduct can be a fine one.[4] Here, as the Magistrate Judge properly determined, the PCR court's ruling as to whether Petitioner's counsel was ineffective for failing to challenge his indictment included a discussion and a conclusion on the merits of the freestanding claim. (*Id.* at 7 (finding the "indictments to be regular and sufficient on their face" and stating that Petitioner "failed to offer any basis on which counsel could have objected"), 22-24 (concluding that the PCR court properly determined that there was no "egregiously unfair" process).) Likewise, the Magistrate Judge properly determined that the PCR court's ruling as to whether Petitioner's counsel was ineffective for failing to inform him of his right to appeal included a discussion and a conclusion on the merits of the freestanding claim. (*Id.* at 6 (stating that "[Petitioner] did not present any evidence or testimony that would entitle [him] to a belated appeal"), 22 (noting that Petitioner understood the charges and punishments).) Because the PCR court issued a ruling regarding Petitioner's ineffective assistance of counsel claims, and in doing so ruled upon the merits of the freestanding claims, Petitioner's claims were properly preserved and therefore not procedurally defaulted. Accordingly, Respondent's objections are dismissed.

---

[4] The court notes that Petitioner's freestanding claim of prosecutorial misconduct may not be a cognizable PCR claim in South Carolina. *See Sarratt v. Cartledge*, No. 8:14–cv–138–RBH, 2015 WL 628186, at *19 n.14 (D.S.C. Feb. 12, 2015) (citing *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) (holding that issues that could have been raised at trial or on direct appeal cannot be raised in PCR absent a claim of ineffective assistance of counsel)).

## V.  CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Report, **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 20), and **DISMISSES** Petitioner's Petition for Habeas Corpus with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 10, 2015
Columbia, South Carolina